**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 20-CR-40073-SMY |
| | ) | |
| WALTER D. KLINE, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

**YANDLE, District Judge:**

This matter is before the court for consideration of Defendant Walter D. Kline's *pro se* Motion to Request Compassionate Release and Supplemental Motion for Compassionate Release filed by his counsel (Docs. 36, 41). The Government responded in opposition (Docs. 43, 51), and Kline filed a Reply (Doc. 44). For the following reasons, the motions are **DENIED**.

## Background

On March 18, 2021, Kline was sentenced to 60 months imprisonment after pleading guilty to two counts of receipt of child pornography (Docs. 31, 34). According to the Bureau of Prisons inmate locator, he is currently housed at Forrest City Low FCI in Forrest City, Arkansas, and his projected release date is September 24, 2025. *See,* https://www.bop.gov/inmateloc/ (last visited November 29, 2022).

As of November 29, 2022, Forrest City Low FCI has 0 inmates and 0 staff members with COVID-19. *See,* https://www.bop.gov/coronavirus/ (last visited November 29, 2022). Since the beginning of the pandemic, Forrest City Low FCI has had 0 inmate deaths from COVID-19, and 469 inmates and 100 staff members have recovered from the virus. *Id.*

Kline is 66 years old and asserts that he has conditions that increase his risk of severe illness or death if he were to contract COVID-19, including obesity, major depressive disorder, high blood

pressure, and atrial fibrillation, (Doc. 41, p. 6). He further asserts that he is at increased risk for COVID-19 because of his age (Doc. 41, p. 7). As of September 2022, he has not been vaccinated against the virus (Doc. 51, p. 1).

**Discussion**

Section 603 (b)(1) of the First Step Act permits the Court to reduce a term of imprisonment upon motion of either the Director of the Bureau of Prisons ("BOP") or a defendant for "extraordinary or compelling reasons" so long as the reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). A defendant seeking compassionate release must first request that the BOP file a motion seeking the same. *Id.* If the BOP declines to file a motion, the defendant may file a motion on his own behalf, provided he has either exhausted administrative remedies or 30 days have elapsed since the warden at his institution received such a request, whichever is earliest. *Id.*

Kline cites to general health concerns to support his request for compassionate release, such as his atrial fibrillation and depressive disorder. However, he provides no evidence that he suffers from a serious physical or medical problem that diminishes his ability to self-care within Forrest City Low FCI or from which he is not expected to recover. Notwithstanding Kline's occasional refusal of medical treatments and noncompliance with taking certain medications, the BOP has been able to adequately manage his medical issues.

Moreover, Kline remains unvaccinated against COVID-19 by choice (Doc. 51, p. 3). "For the many prisoners who seek release based on the special risks created by COVID19 for people living in close quarters, vaccines offer relief far more effective than a judicial order." *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021). Thus, unless a prisoner can prove that he is "unable to receive or benefit from a vaccine," the widespread availability of COVID-19 vaccination prevents the risk of the virus from being an "extraordinary and compelling reason for immediate release." *Id.* (*See also*, *United States v. Ugbah*, 4 F.4th 595 (7th Cir. 2021)).

While Kline alleges that he is at an increased risk of contracting COVID-19 due to various factors, he does not claim that he is unable to benefit from a vaccination.  As such, he has not established that he is at a higher risk for severe illness or death from the virus in prison than he would be if he were to be released.  *See*, *United States v. Barbee*, 25 F.4th 531, 533 (7th Cir. 2022); *United States v. Clinton*, 2022 WL 2298178, at *1 (7th Cir. June 27, 2022).  Moreover, Kline has already suffered one bout with COVID-19: he tested positive for the virus in July 2022 and remained asymptomatic during a subsequent quarantine (Doc. 51, p. 2).  *Barbee*, 25 F.4th at 533.

Finally, Kline claims that his case presents extraordinary and compelling circumstances because the undersigned "indicated that a 60-month sentence was too harsh in Mr. Kline's case, but the Court had no choice but to impose the mandatory minimum" (Doc. 36, p. 6; Doc. 41, p. 9).  But compassionate release cannot be employed to afford relief from mandatory minimum sentences.  *See*, *United States v. Thacker*, 4 F.4th 569, 574 (7th Cir. 2021) (discretionary authority conferred by the compassionate release statute cannot be used as "authority for relief from mandatory minimum sentences prescribed by Congress").  There must be some other independent "extraordinary and compelling" reason for a sentence reduction.  As previously noted, Kline has not demonstrated such a reason.

Accordingly, Defendant Walter Kline's motions seeking compassionate release (Docs. 36, 41) are **DENIED**.

   **IT IS SO ORDERED.**

   **DATED: November 30, 2022**

                                   **STACI M. YANDLE**
                                   **United States District Judge**